**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**IN RE: GROSVENOR ORLANDO**
**ASSOCIATES,**
       **Debtor,**

_____

**HOTEL EMPLOYEES AND**
**RESTAURANT EMPLOYEES UNION,**
**LOCAL 737,**
       **Appellant,**

                                            **Case No.  6:05-cv-70-Orl-31DAB**
                                            **Consolidated case: 6:05-cv-1161-Orl-31KRS**

**GROSVENOR ORLANDO ASSOCIATES,**
       **Appellee.**

_____

## ORDER

This is an appeal from a September 29, 2004 order of the Bankruptcy Court denying the Appellant's motion for relief from judgment (Doc. 6-15), an October 4, 2004 order confirming the Debtor's plan of reorganization, as amended (Doc. 6-6), and a June 12, 2005 order finding that the Appellant, the Hotel Employees and Restaurant Employees Union, Local 737 (the "Union"), lacked standing to contest the plan's confirmation (Doc. 1-3 in 6:05-cv-1161).  The matter has been fully briefed, and the Court heard oral argument on November 18, 2005.

Notwithstanding the verbiage in the parties' briefs, the issues presented by this appeal boil down to one simple question: Does the Union have standing in the Bankruptcy Court to enforce a National Labor Relations Board ("NLRB") judgment against the Debtor?  The NLRB ordered the Debtor to make payments to 44 improperly discharged former employees who were members of

the Union.  Both the NLRB and the Union filed claims against the estate in regard to the back pay award.[1]  The Bankruptcy Court found that the Union's claim was duplicative of the NLRB's claim, and that only the NLRB had standing to assert the back pay claim.  This conclusion is supported by binding Supreme Court precedent.   In *Nathanson v. National Labor Relations Board*, 344 U.S. 25, 27 (1952), the Supreme Court stated that Congress has made the NLRB the only party entitled to enforce the National Labor Relations Act and that a back pay order such as the one at issue in this case "is a command to pay an amount owed the Board as agent for the injured employees."  As such, the NLRB, rather than the Union, is the creditor  with standing to assert (or compromise) the claim in bankruptcy.  *See id.*  The Union's effort to disavow this precedent is unavailing.  Moreover, any alleged deficiencies in the due process afforded the Union occurred at the administrative level[2] and would not affect the validity of the bankruptcy proceedings.  Accordingly, it is

**ORDERED** that the foregoing Orders of the Bankruptcy Court are **AFFIRMED** and the Clerk is directed to close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 30, 2005.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] Many of the discharged employees also filed claims in regard to the back pay, but they are not parties to this appeal.

[2] In essence, Appellant complains that the NLRB improperly compromised its claim in the Bankruptcy Court.